# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF IDAHO

_____

**In Re:**

| | |
|---|---|
| BERT R. MARBLE and KAREN MARBLE, | **Bankruptcy Case No. 06-40696-JDP** |
| **Debtors.** | |

_____

| | |
|---|---|
| BERT R. MARBLE and KAREN MARBLE, husband and wife, | |
| **Plaintiffs,** | |
| v. | **Adv. Proceeding No 07-8048** |
| UNITED STATES OF AMERICA, acting through the FARM SERVICE AGENCY, | |
| **Defendant.** | |

_____

## MEMORANDUM OF DECISION RE DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT

_____

MEMORANDUM OF DECISION - 1

**Introduction**

On August 8, 2008, relying upon Fed. R. Bankr. P. 9023 and Fed. R. Civ. P. 59(a)(2) and (e), Defendant United States of America, acting through the Farm Service Agency, filed a timely motion to alter or amend the Judgment entered by the Court on August 1, 2008.  Docket Nos. 41, 39.  The Court conducted a hearing on the motion on September 22, 2008, at which all parties offered oral argument.  Having carefully reviewed the record, the parties' legal arguments, and the applicable law, the Court concludes the motion should be granted.

**Facts and Procedural Background**

In its written decision entered on July 1, 2008, the Court set forth a lengthy recitation of the relevant facts.  *See* Docket No. 38.  As a result, they need not be repeated here.  It is sufficient to note that, after a trial, the Court decided that Defendant had breached its loan agreement with Plaintiffs Bert and Karen Marble, and that Plaintiffs had adequately demonstrated they had suffered foreseeable damages as a result of the conduct of Defendant's agents in the amount of $199,942.45.

MEMORANDUM OF DECISION - 2

As noted above, on August 1, 2008, the Court awarded Plaintiffs a money judgment against Defendant for this sum.  However, pursuant to Plaintiffs' confirmed chapter 12 plan, $130,000 from the sale of a parcel of real estate that Plaintiffs owned and on which Defendant claimed a mortgage was being held in trust by the chapter 12 trustee, and the Court therefore ordered that those funds be distributed by the trustee to Plaintiffs in partial satisfaction of the judgment.  This resulted in a balance of $69,942.45 in damages due from Defendant to Plaintiffs on the money judgment.  In addition, Defendant's proof of claim[1] in the underlying bankruptcy case was disallowed for distribution.

After the Judgment was entered, Defendant filed its timely motion to alter or amend.

## Discussion

Fed. R. Civ. P. ("Civil Rule") 59(e), as incorporated by Fed. R. Bankr. P. 9023, provides that a court should amend a judgment or order if the

---

[1] On January 11, 2007, Defendant filed a proof of claim in the underlying bankruptcy case, Bankr. Case No. 06-40696-JDP, listing the amount of Plaintiffs' debt as $116,124.82.  See Claim No. 7-1.

MEMORANDUM OF DECISION - 3

moving party demonstrates (1) manifest error of fact, (2) manifest error of law, or (3) newly discovered evidence. *Hansen v. Moore (In re Hansen)*, 368 B.R. 868, 878 (9th Cir. B.A.P. 2007); *In re Wilson*, 349 B.R. 831, 834 (Bankr. D. Idaho 2006). A motion under that rule does not allow a party to "ask the Court to rethink matters already decided, to reargue matters already submitted, or to attempt to cure deficiencies in earlier submissions that were found to be inadequate." *In re Wilson,* 349 B.R. at 834, *citing Alexander v. Bleau (In re Negrete)*, 183 B.R. 195, 197 (9th Cir. B.A.P. 1995), *aff'd*, 103 F.3d 139 (9th Cir. 1996). Instead, Civil Rule 59(e) "offers an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003), *quoting* 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000). It is well-settled that an aggrieved party may not use this rule to raise arguments or present evidence for the first time that could have been raised earlier in the litigation. *Carroll*, 342 F.3d at 945; *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *Orange St. Partners v. Arnold*, 179 F3d 656, 664-65 (9th Cir. 1999).

MEMORANDUM OF DECISION - 4

Defendant's motion is premised upon its position that, in reaching its decision and entering judgment, the Court made an error of law. Importantly, Defendant does not present a new legal theory, since its argument was briefly set forth in its post-trial reply memorandum, the last brief filed prior to the Court's decision. *See* United States' Post-Trial Memorandum at 2-3, Docket No. 34. Essentially, Defendant argues that by awarding money damages to Plaintiffs in excess of amounts due from Plaintiffs to Defendant as set forth in Defendant's proof of claim in the underlying bankruptcy case, the Court exceeded the scope of its subject matter jurisdiction. Defendant argues that an agency of the United States is immune from suit except as it consents to be sued, and the terms of its consent define the limits of the Court's jurisdiction. *See Lehman v. Nakshian*, 453 U.S. 156, 160 (1981); *United States v. Sherwood*, 312 U.S. 584, 586 (1941). While § 106 of the Bankruptcy Code purports to abrogate the Defendant's sovereign immunity under certain circumstances, Defendant contends that it does not bless the Court's approach in this case. Thus, Defendant argues, that portion of the Court's judgment granting Plaintiffs

MEMORANDUM OF DECISION - 5

a money judgment against the Defendant for amounts in excess of its claim against them constitutes legal error.

The Supreme Court has observed that the Bankruptcy Code "plainly waive[s] sovereign immunity with regard to monetary relief in two settings: compulsory counterclaims to governmental claims, § 106(a); and permissive counterclaims to governmental claims capped by a setoff limitation, § 106(b)[2]." *United States v. Nordic Village, Inc.*, 503 U.S. 30, 34 (1992). Defendant concedes that, in the face of a compulsory counterclaim, in addition to offset of the government's claims against their own, individual plaintiffs may be entitled to an affirmative recovery against the government. However, where the counterclaim is permissive in nature, an individual's recovery against the sovereign is limited to offset against its claim, and no affirmative recovery is allowed. Defendant's position is consistent with the result in *Doe v. United States*, 58 F.3d 494 (9th Cir. 1995).

---

[2] Section 106 of the Code has been amended since *Nordic Village* was decided. While the text of the applicable provisions remains virtually unchanged, subsections (a) and (b) have been "relettered" in the current version of the Code as subsections (b) and (c), respectively.

MEMORANDUM OF DECISION - 6

In *Doe*, the Ninth Circuit found that where an individual's claims against the FBI did not arise out of the same transaction or occurrence as the government's claim against him, he was not entitled to an affirmative recovery against the United States in his bankruptcy action. *Id.* at 498.

Defendant contends that, in this case, Plaintiffs' claim constitutes a permissive one, and therefore relief was limited to offset against amounts due as set forth in Defendant's proof of claim. It correctly points out that its claim against Plaintiffs as evidenced in the proof of claim filed in Plaintiffs' bankruptcy case was based upon amounts due on a real estate loan which Plaintiffs received from Defendant prior to 1989. Plaintiffs' claims against Defendant in the adversary proceeding, however, were premised upon Defendant's alleged breach of contract from a different transaction, a separate operating loan which Plaintiffs received in 2003. Plaintiffs concede this is correct, and that the two loans are not related. Accordingly, Plaintiffs' claims for damages against Defendant did not arise out of the same transaction or occurrence as the Defendant's claim against Plaintiff, and like the individual in *Doe*, Plaintiffs are not entitled to an

MEMORANDUM OF DECISION - 7

affirmative recovery against the United States.  *See* Fed. R. Civ. P. 13(a) and (b), as incorporated by Fed. R. Bankr. P. 7013 (defining a compulsory counterclaim as one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . .").

## Conclusion

Defendant's Motion to Alter or Amend Judgment, Docket No. 41, will be granted.  The Court will enter an order together with an amended judgment limiting Plaintiffs' relief to an offset against amounts owed to Defendant, which may be recovered from the funds held by the chapter 12 trustee.  The Court lacks jurisdiction to enter a money judgment against Defendant in Plaintiffs' favor for any additional amounts under these circumstances.

Dated:  October 2, 2008

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge